NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                            :
CENTURY 21 REAL ESTATE LLC, f/k/a :
CENTURY 21 REAL ESTATE             :
CORPORATION,                              :
                                            :    Civil Action No. 07-6078 (JAG)
        Plaintiff,                        :
                                            :         OPINION
        v.                                :
                                            :
KENNETH M. YANNI, INC., formerly  :
d/b/a CENTURY 21 KENNETH M.     :
YANNI INC., and KENNETH M. YANNI, :
                                            :
        Defendants.                       :
_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on (1) the motion, (Docket Entry No. 9), filed by plaintiff, Century 21 Real Estate LLC ("Plaintiff"), seeking entry of default judgment against defendants, Kenneth M. Yanni, Inc. and Kenneth M. Yanni (collectively, "Defendants"), pursuant to FED. R. CIV. P. 55(b) and (2) the cross-motion, (Docket Entry No. 10), filed by Defendants, pursuant to FED. R. CIV. P. 55(c) and FED. R. CIV. P. 60(b), to set aside the Clerk's entry of default against them.  For the following reasons, Plaintiff's motion for entry of default judgment will be denied and Defendants' motion to set aside the Clerk's entry of default will be granted.

1

I. FACTS

In May of 1998, Plaintiff entered into a franchise agreement (the "Agreement") with defendant, Kenneth M. Yanni, Inc. (the "Franchisee"). (Compl. ¶ 16.) Pursuant to this Agreement, the Franchisee is obligated to pay royalties to Plaintiff, (id. at ¶ 18), and in return the Franchisee is permitted to make use of Plaintiff's "trademarks, service marks, designs, logos, colors, [and] color schemes" ("Plaintiff's marks"), (id. at ¶ 7), in the course of Franchisee's business. (Id. at ¶ 17.)

In late 2002, Plaintiff terminated the Franchise Agreement because the Franchisee failed to meet "minimum operating standards." (Compl. ¶ 31; Compl. Ex. E.) Ordinarily, the Franchisee is required to remit any royalties then due and to cease using Plaintiff's marks. (Id. ¶¶ 31–33.) The Franchisee, however, did not pay the owed royalties and allegedly continued using Plaintiff's marks, even though Franchisee was no longer operating a Century 21 franchise business. (Id. ¶¶ 34–35, 38–39.)

Plaintiff then commenced the instant action by filing a complaint on December 21, 2007. (Docket Entry No. 1.) At that time, defendant Kenneth M. Yanni had been involved in efforts to "resolve [the] dispute." (Def.'s Resp. Satter Decl. ¶ 4.) Defendants were served with a copy of the complaint and summons on January 26, 2008. (Docket Entry No. 5.) Subsequently, Mr. Yanni authorized his counsel, Cynthia A. Satter, to obtain a demand for settlement from Plaintiff. (Def.'s Resp. Satter Decl. ¶ 5.) Ms. Satter therefore contacted Plaintiff's counsel, and inquired about the possibility of settlement. (Id. at ¶ 7.) During that same conversation, Ms. Satter sought and obtained an oral agreement to an extension of time in which to file an answer to Plaintiff's complaint. (Id. at ¶ 6.) Plaintiff then responded with the list of damages that it was seeking

from Defendants. (Id. at ¶ 7.) Following this conversation, Defendants did not appear before this Court in the instant case nor did they file an answer to the complaint. (Id. at ¶ 8.) Plaintiff therefore requested that the Clerk of the Court (the "Clerk") enter default against Defendants. (Docket No. 4.) The Clerk granted this request on May 12, 2008. (Docket No. 8.)

After the Clerk's entry of default against Defendants, Ms. Satter continued to seek a settlement from Plaintiff. (Def.'s Resp. Satter Decl. ¶ 9.) These attempts were hampered by Ms. Satter's ongoing medical and scheduling issues. (Id. ¶ 10.) As a result, communications and negotiations between Ms. Satter and Plaintiff's counsel were sporadic, at best. (Id. ¶¶ 10–16.) Plaintiff then moved for entry of default judgment against Defendants on July 25, 2008. (Docket Entry No. 9.) Defendants subsequently filed a cross-motion to vacate the Clerk's entry of default. (Docket Entry No. 10.)

## II. STANDARD

A district court can enter a default judgment pursuant to FED. R. CIV. P. 55(b)(2), which states:

> In all other cases, the party must apply for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

FED. R. CIV. P. 55(b)(2). Ultimately, the decision whether to enter default judgment in any given case "is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). See also F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 11 (8th Cir. 1977).

A district court is also authorized to relieve a party from default judgment for various reasons, including mistake, excusable neglect, or "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). Relief under Rule 60(b) is "extraordinary, [however,] and special circumstances must justify granting relief under it." Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1346 (3d Cir. 1987) (quoting Page v. Schweiker, 786 F.2d 150, 158 (3d Cir. 1986)). The decision to set aside a default judgment, like the decision to grant a default judgment, is left "primarily to the discretion of the district court." U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)).

The Third Circuit mandates that a district court "consider the following factors in exercising its discretion in granting or denying a motion to set aside . . . a default judgment under Rule 60(b)(1): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." $55,518.05 in U.S. Currency, 728 F.2d at 195 (citing Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983); Feliciano v. Reliant Tooling Company. Ltd., 691 F.2d 653, 656 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982)). "[D]oubtful cases [are] to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" $55,518.05 in U.S. Currency, 728 F.2d

at 195 (quoting Tozer, 189 F.2d at 245). "[T]here would be no point in setting aside the default judgment" if the defendant could not demonstrate the possibility of his success on the merits. $55,518.05 in U.S. Currency, 728 F.2d at 195.  In addition, a party who seeks to set aside a judgment under Rule 60(b) must demonstrate that "absent relief, an 'extreme' and 'unexpected' hardship will result." Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977) (quoting U.S. v. Swift & Co., 286 U.S. 106, 119 (1932)).

In the case of a Clerk's entry of default, the Third Circuit has held that "[l]ess substantial grounds may be adequate for setting aside a [Clerk's entry of] default than would be required for opening a [default] judgment." Feliciano v. Reliant Tooling Company. Ltd., 691 F.2d 653, 656 (3d Cir. 1982).  Still, though "the standards for the two situations are not always the same," the court's analysis should include the same three factors that it would consider if it were considering setting aside a default judgment.  Id.

### III. ANALYSIS

In the instant case, the parties' ongoing negotiations, (Def.'s Resp. Satter Decl. ¶ 4–5, 7, 9–16), and oral agreement regarding an extension of the filing deadline, (id. at ¶ 6), amply demonstrate to this Court that Plaintiff was or should have been aware that Defendants were actively engaged in the matter and not shirking their responsibilities.  The subsequent delay in Defendants' filing of responsive papers can be excused based on the troubles experienced by their counsel, Ms. Satter, both with her health and with her schedule.  (Id. at ¶ 10.)  Finally,

Defendants assert that they do indeed have a "meritorious defense." (Id. at ¶ 18.)[1]

Ultimately, the motions — both Plaintiff's and Defendants' — call upon this Court to exercise its discretion. See Hritz, 732 F.2d at 1180 (addressing the grant of a default judgment); $55,518.05 in U.S. Currency, 728 F.2d at 194 (focusing on relief from a default judgment). The Third Circuit recommends that district courts adjudicate matters on the merits rather than on procedural grounds. See, e.g., Hritz, 732 F.2d at 1181; $55,518.05 in U.S. Currency, 728 F.2d at 195; Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). Furthermore, "[d]elay in realizing satisfaction on a claim" generally does not establish "prejudice [to the Plaintiff] sufficient to prevent the opening of a default." Feliciano, 691 F.2d at 657 (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951)).

This Court finds that Defendants' conduct and the actions of Ms. Satter do not rise to the level of deliberate neglect or abrogation of duty. As a result, this Court holds that it would be inappropriate to impose such a harsh sanction — default judgment — upon them. Thus, Plaintiff's motion for a default judgment will be denied. Defendants' cross-motion will be granted. This Court is convinced that Defendants have demonstrated sufficient cause to set aside the Clerk's entry of default. This Court finds that (1) Plaintiff will not be prejudiced by setting aside the Clerk's entry of default; (2) Defendants have indicated that they may have a meritorious

---

[1] Defendants claim that they are putting an end to their use of Plaintiff's trademarked materials. They buttress this claim by providing an array of exhibits, which purport to show that Defendants had made attempts to stop using Plaintiff's trademarked materials. (Def.'s Resp. Ex. B.) Defendants also claim that Plaintiff was made aware of these exhibits prior to filing this motion for default judgment. (Def.'s Resp. Satter Decl. ¶ 11.)

defense; and (3) the default was the result of Defendants' counsel's negligent, rather than culpable, conduct.  In doing so, this Court is careful to note that the clock does not begin to run anew.  Instead, Defendants will be given fourteen (14) days, from the entry of the accompanying order, to file an answer to Plaintiff's complaint.

### IV. CONCLUSION

For the above-mentioned reasons, this Court will deny Plantiff's motion for a default judgment and grant Defendants' cross-motion to set aside the Clerk's entry of default.


Date:  March 31, 2009


 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.